# EXHIBIT A

Electronically Filed
7/9/2020 3:20 PM
Steven D. Grierson
CLERK OF THE COURT

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
KRISTINA WILDEVELD, ESQ.
Nevada Bar No. 5825
**The Law Offices of Kristina Wildeveld & Associates**
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
Tel. (702) 222-0007
Fax. (702) 222-0001
Email: Lisa@Veldlaw.com
Email: Kristina@Veldlaw.com

Attorneys for Plaintiff,
Yessica Ortiz

CASE NO: A-20-817788-C
Department 11

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| YESSICA ORTIZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SONORAN BARBEQUE NEVADA, LLC, dba FAMOUS DAVE'S BAR-B-QUE; BERTHA LOREA ZAPEDA, an individual; and DOES 1 to 50, inclusive.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **MOTOR VEHICLE NEGLIGENCE**<br>2. **GENERAL NEGLIGENCE**<br>3. **NEGLIGENT ENTRUSTMENT**<br>4. **RESPONDEAT SUPERIOR**<br><br>[DEMAND FOR TRIAL BY JURY] |

COMES NOW Plaintiff Yessica Ortiz (hereinafter "Plaintiff"), by and through her counsel, Lisa Rasmussen and Kristina Wildeveld, and alleges as follows:

1. Plaintiff is an individual and at all relevant times, was and is a resident of the County of RIVERSIDE in the State of CALIFORNIA.

2. Defendant Sonoran Barbeque Nevada, LLC, doing business as Famous Dave's Bar-B-Que (hereinafter "Defendant") is a Limited Liability Corporation organized and existing under the laws of the State of NEVADA authorized and doing business in the County CLARK.

1
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3.      Defendant BERTHA LOREA ZEPEDA (hereinafter "Defendant") is an individual and at all relevant times was and is a resident of the County of PIMA, State of ARIZONA.

4.      The true names or capacities, whether individual, corporate, associate or otherwise of the Defendants designated herein as DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will ask leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is negligently or otherwise responsible in some manner for the events and happenings herein referred to and negligently caused the injuries and damages to Plaintiff as herein alleged.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and Does 1 to 50, inclusive, and each of them, were the owners, lessors, and/or entrustors of a vehicle driven by Defendant on .

6.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, Defendants and Does 1 to 50, inclusive, and each of them, were operators of the above-mentioned vehicle.

## FIRST CAUSE OF ACTION

### (Motor Vehicle Negligence)

7.      Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

8.      On or about April 29, 2018, Plaintiff was a negligent free passenger in a LYFT vehicle traveling westbound on Spring Mountain Road in Las Vegas, Nevada. At or about the same time, Defendant ZEPEDA was traveling eastbound on Spring Mountain Road when she failed to obey traffic control signal and entered the intersection, violently colliding into Plaintiff's vehicle.

9.      Defendant, and Does 1 to 50, and Does 1 to 50, inclusive, so negligently entrusted, managed, maintained, drove and operated their vehicle including, but certainly not limited to, the

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

use of Defendant's cellphone at or about the time of this accident, so as to proximately cause Defendant and Plaintiff's vehicles to collide causing the hereinafter described injuries and damages to Plaintiff. As a result of Defendant's reckless conduct, Plaintiff's vehicle was severely damaged and Plaintiff suffered grave bodily injury.

10. In their operation of their vehicle, Defendants, and each of them, violated statutes, laws and regulations including, but not limited to, statutes, laws and regulations relating to safe operation of a vehicle, maintaining control of a vehicle, traveling at a safe speed for the conditions, keeping a proper look-out, and other traffic safety rules and regulations.

11. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff was injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous systems and persons, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.  Accordingly, Plaintiff will seek prejudgment interest, pursuant to the provisions of Nevada statutory and legal authority.

12. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff is required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expense. The exact amount of such expense is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

13. Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one Defendant resides in this judicial district.

14. Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $25,000.00.

15.   Plaintiff has been forced to retain counsel to pursue her claims and seeks costs of suit and attorney's fees to any extent permitted by law in Nevada.

## SECOND CAUSE OF ACTION
### (Negligence)

16.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

17.   Plaintiff is informed and believes, and thereon alleges, they were further injured due to the general negligent acts or omissions by Defendants, and each of them.

18.   As a direct and proximate result of the above described carelessness and negligence of Defendants, and each of them, Plaintiff sustained the heretofore and hereinafter described injuries and damages.

19.   As a further direct and proximate result of the conduct of the Defendants, and each of them, Plaintiff was injured physically, emotionally and financially. All of said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will seek prejudgment interest, pursuant to the provisions of Nevada statutory and legal authority.

20.   Plaintiff has been forced to retain counsel to pursue her claims and seeks costs of suit and attorney's fees to any extent permitted by law in Nevada.

## THIRD CAUSE OF ACTION
### (Negligent Entrustment Against Sonoran Barbeque Nevada, LLC)

21.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

22. On the date and time of the collision alleged in this Complaint, Defendant ZEPEDA was using, operating, and driving a vehicle with the permission, consent and knowledge of Defendant SONORAN BARBEQUE NEVADA. As such, Defendant SONORAN BARBEQUE NEVADA, is vicariously liable for negligent entrustment of the vehicle that was driven by Defendant ZEPEDA.

23. At all times alleged in this Complaint, Defendant ZEPEDA was a careless and reckless person in general and a careless and reckless driver of automobiles in particular. Although Defendant SONORAN BARBEQUE NEVADA, knew or should have known that Defendant ZEPEDA was a careless and reckless driver, this Defendant nevertheless negligently permitted ZEPEDA to operate the vehicle.

24. On April 28, 2018, when Defendant SONORAN BARBEQUE NEVADA, supplied and entrusted the subject vehicle to Defendant ZEPEDA, they knew, or in the exercise of reasonable care should have known, that Defendant ZEPEDA was an unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways.

25. As a proximate result of the negligence of Defendant ZEPEDA and the resulting collision as previously alleged, the Plaintiff suffered grave bodily injuries and damages.

26. Plaintiff has been forced to retain counsel to pursue her claims and seeks costs of suit and attorney's fees to any extent permitted by law in Nevada.

### FOURTH CAUSE OF ACTION
**(Respondeat Superior Against Sonoran Barbeque Nevada, LLC)**

27. Plaintiffs interpret herein as reference, as thoughtfully set forth at length, lack and every allegation and statement in the proceeding and subsequent paragraphs.

28. At all times alleged in the complaint Defendant ZEPEDA was an employee and/or agent of the Defendant SONORAN BARBEQUE NEVADA.

29. At all times alleged in the complaint Defendant SONORAN BARBEQUE

NEVADA, was an employer and/or principal of Defendant ZEPEDA.

30. At all timed alleged in the complaint Defendant VALERI was acting within the scope of his employment/authority/agency from Defendant SONORAN BARBEQUE NEVADA.

31. By the nature of the relationship between Defendant SONORAN BARBEQUE NEVADA and Defendant ZEPEDA including, but not limited to, the right to control how Defendant ZEPEDA performed her work and the ability to, in effect, discharge Defendant ZEPEDA.

32. Plaintiff has been forced to retain counsel to pursue her claims and seeks costs of suit and attorney's fees to any extent permitted by law in Nevada.

### REQUEST FOR JURY TRIAL

33. Plaintiff hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

WHEREFORE, Plaintiff pray as follows:

### FIRST, SECOND, THIRD & FOURTH CAUSES OF ACTION

1. For all general damages, according to proof;
2. For all special damages, according to proof;
3. For medical and health care expenses, according to proof;
4. For costs and pre-judgment interest;
5. For attorney's fees and costs of suit; and
6. For such other and further relief as the court may deem just and proper.

DATED: July 9, 2020

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**

By: _____/s/ *Lisa Rasmussen*_____
Lisa A. Rasmussen, Esq.
Attorneys for Plaintiff Yessica Ortiz